Grafton,  }
Jan. 3, 1922. }

ISRAEL C. RICHARDSON *v.* EMPIRE CREAM SEPARATOR CO.

If there is any substantial evidence upon which a jury may find for the defendant, his exception to the direction of a verdict for the plaintiff must be sustained.

ASSUMPSIT, to recover a commission for the sale of a milking machine.  Trial by jury.  At the close of the evidence each side moved for a directed verdict.  The defendants' motion was denied subject to exception.  The plaintiff's motion was granted subject to the defendants' exception, on the plaintiff's agreement that, if the defendants' exception to the granting of the plaintiff's motion is sustained, there shall be judgment for the defendants.  Transferred from the May term, 1921, of the superior court, by *Sawyer,* J.  The evidence relevant to the exceptions appears in the opinion.

*Harry M. Morse* and *George W. Pike* (*Mr. Pike* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the defendants.

PLUMMER, J.   The plaintiff's writ contained only the common counts in assumpsit, but the case was tried upon the theory that the plaintiff was the defendants' agent, and under a contract with the defendants, either expressed or implied, had performed services for which he should be recompensed.

The specific claim of the plaintiff is that he was the agent of the defendants for selling milking machines, and that acting as such, he sold a machine, and is entitled to a commission for making the sale.

The exception of the defendants to the refusal of the court to grant their motion for a directed verdict, has not been discussed by them in brief or oral argument, and therefore has not been considered. In order to sustain the ruling of the court granting the plaintiff's motion for a directed verdict, the evidence must conclusively establish the plaintiff's claim.   In other words, if there is any substantial evidence in the case upon which the jury could find a verdict for the defendants, then their exception to the direction of a verdict for the plaintiff must be sustained.

In 1917 and 1918 the plaintiff sold two milking machines.   It is contended by him that in making the sales he was acting as the agent of the defendants, and received a commission therefor.   The defendants claim that the plaintiff simply purchased the machines and obtained his recompense for making sales by being allowed a dealer's discount, that the plaintiff was a dealer and not an agent.   Whatever the business relations of the parties were during these years, it can be found upon the defendants' evidence that they were terminated the first of January, 1919, and that thereafter the plaintiff was not the agent of the defendants in any sense.   The defendants appointed an agent for Littleton and vicinity in June, 1919, and in the following December a sale of a milking machine was made.   The plaintiff maintains that as an agent of the defendants he made the sale, and is entitled to a commission.   It is conceded that he located a customer, but it could be found that the sale was made by the defendants' newly appointed agent.   Whether upon the evidence it might be held as a matter of law that the plaintiff was entitled to a commis-

sion, if it had been conclusively established that he was an agent of the defendants, need not be considered.

By reason of the conclusion that it could be found that he was not their agent, a verdict could be rendered for the defendants. The defendants' exception to the granting of the plaintiff's motion for a directed verdict is sustained. Whether the plaintiff should be relieved from his agreement is for the trial court to determine.

*Case discharged.*

All concurred.